IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AT&T CORP., | : | Civil Action No. |
| Plaintiff, | : | |
| v. | : | |
| NATIONAL RAILROAD PASSENGER CORPORATION, | : | |
| Defendant. | : | |

**PLAINTIFF AT&T CORP.'S MOTION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 65**

Plaintiff AT&T Corp. ("AT&T"), by and through its undersigned counsel and pursuant to Rule 65 of the Federal Rules of Civil Procedure, respectfully moves this Court for a Temporary Restraining Order and Preliminary Injunction to enjoin Defendant National Railroad Passenger Corporation ("Amtrak") from interfering with AT&T's continued occupancy and use of Amtrak's right-of-way between Washington, DC and Philadelphia, Pennsylvania during the pending arbitration between the parties. In support thereof, AT&T alleges as follows:

1. As alleged in the Verified Complaint for Declaratory Judgment and Equitable Relief, which is hereby incorporated herein, on or about December 31, 1985, AT&T and Amtrak entered into a Lease Agreement whereby Amtrak leased to AT&T certain portions of its railroad right-of-way between Washington, DC and Philadelphia, Pennsylvania for AT&T's use in constructing and operating a fiber optic communications system.

2. The initial term of the Lease Agreement expires on January 1, 2006.

3. AT&T possesses options to renew the Lease Agreement for two twenty-year renewal terms, provided that AT&T provide a notice of renewal to Amtrak in accordance with the Lease Agreement.

4. AT&T sent to Amtrak a notice of renewal on May 18, 2005 to the notice address set forth in the Lease Agreement, which was more than seven weeks before the July 5, 2005 renewal deadline provided for in the Lease Agreement.

5. By letter dated July 26, 2005, Amtrak advised AT&T that it had not renewed the Lease Agreement and that it deemed the Lease Agreement to expire on January 1, 2006.

6. Unbeknownst to AT&T, Amtrak allegedly never received the May 18, 2005 notice of renewal.

7. Amtrak did not receive AT&T's renewal notice until after July 5, 2005 because Amtrak failed to advise AT&T that Amtrak no longer accepted notices at the address identified in the Lease Agreement, despite Amtrak's contractual obligation to notify AT&T in writing in the event that Amtrak changed its notice address.

8. Upon receipt of Amtrak's July 26, 2005 letter and after an investigation, AT&T promptly advised Amtrak that it sent the notice of renewal on May 18, 2005. Thus, Amtrak had actual notice of AT&T's renewal more than four months before the termination of the initial term of the Lease Agreement.

9. In addition, AT&T subsequently provided Amtrak with additional copies of the notice of renewal via email and facsimile.

10. Amtrak contests the validity of AT&T's renewal of the Lease Agreement and has demanded that AT&T remove its equipment from the leased premises on January 1, 2006.

11. Amtrak has also advised AT&T that it has engaged in negotiations with at least one other entity with regard to the lease of the right-of-way that AT&T currently occupies.

12. Because AT&T believes that it properly renewed the Lease Agreement, AT&T will make a lease renewal payment of approximately $6 million on or before January 1, 2006. This payment represents the amount that AT&T owes under the Lease Agreement for the first renewal term, as determined in accordance with the formula set forth in the Lease Agreement.

13. Amtrak's threatened eviction of AT&T from the leased premises as of January 1, 2006 will cause substantial hardship to AT&T and will dramatically affect its ability to provide fiber optic telecommunication services between Washington, DC and Philadelphia, Pennsylvania.

14. This Court possesses the authority and jurisdiction to enjoin Amtrak from interfering with AT&T's continued occupancy and use of the right-of-way.

15. Unless the requested Temporary Restraining Order and Preliminary Injunction are granted, AT&T will suffer immediate and irreparable harm that cannot be adequately compensated by damages.

16. Without the requested injunctive relief, AT&T has no adequate remedy at law.

17. Amtrak will not suffer any significant injury if this Motion is granted because the status quo will be maintained and Amtrak will receive a lease payment in the amount of approximately $6 million.

18. There is a substantial likelihood that AT&T will succeed on the merits of its claim that it is entitled to continued possession and use of the right-of-way and renewal of the Lease Agreement.

012239.00616/21448119v.1

19. AT&T's Memorandum of Law in support of its Motion for Temporary Restraining Order and Preliminary Injunction is attached hereto as Exhibit "A" and is incorporated by reference herein.

WHEREFORE, AT&T respectfully requests that this Court enter an Order in the form attached hereto granting its Motion for Temporary Restraining Order and Preliminary Injunction and enjoining Amtrak from interfering with AT&T's continued occupancy and use of the Leased Premises.

Respectfully submitted,

BLANK ROME LLP

By: /s/ William R. Martin
WILLIAM R. MARTIN (Bar No. 465531)
ALAN M. FREEMAN (Bar No. 454693)
600 New Hampshire Avenue, N.W.
Washington, DC 20037
(202) 772-5800
(202) 572-8370 (facsimile)

Of Counsel

BLANK ROME LLP
Matthew J. Siembieda
Scott E. Coburn
One Logan Square
Philadelphia, PA 19103-6998
(215) 569-5500

Dated: December 12, 2005